# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 93-30033-02** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL BELL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence filed by the defendant pursuant to 28 U.S.C. §2255 (Document No. 293). Defendant Bell was convicted on Count Two of a two-count indictment on September 23, 1994, and was subsequently sentenced to 360 months in prison. On August 18, 2006, the defendant filed this successive *habeas* petition for relief under § 2255, arguing that his Judgment and Commitment Order fails to comply with Fed. R. Civ. P. 32(k) in that it is factually inaccurate; that his confrontation rights were violated at trial because he was denied the right to cross-examine co-defendant Fred Witherspoon; and that he may utilize the "actual innocense exception" to introduce evidence wrongfully excluded at trial. For reasons stated below, it is recommended that the Motion be **DISMISSED** without prejudice for lack of subject matter jurisdiction**.**

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before Bell may invoke this Court's jurisdiction to hear a successive § 2255 motion, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Bell has not received such authorization or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion.

Accordingly, it is recommended that Bell's motion to vacate, set aside, or correct sentence be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 19th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE