RECEIVED
IN MONROE, LA
NOV 2 4 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 93-30033-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL BELL | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On September 23, 1994, Defendant Michael Bell ("Bell") was convicted of conspiracy to possess with the intent to distribute crack cocaine. Following Bell's conviction, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Bell's range of imprisonment under the then-mandatory United States Sentencing Guidelines ("Guidelines") was 360 months to life. On September 18, 1995, the Court, Hon. John M. Shaw presiding, sentenced Bell to 360 months imprisonment. A Judgment imposing that term of imprisonment was signed on September 19, 1995.

Since 1995, the United States Sentencing Commission ("Sentencing Commission") has issued reports critical of the 100:1 ratio used to calculate sentences for crack cocaine offenses, as compared to powder cocaine offenses. In 2007, in a fourth report, the Sentencing Commission, consistent with its criticism over the past twelve years, again found the disparity between crack and powder cocaine sentences unwarranted. However, this time, as a "'partial remedy,'" the

1

Sentencing Commission proposed an amendment to the Guidelines providing for a two-level reduction for all crack cocaine offenses. *See Kimbrough v. United States,* –U.S.–, 128 S. Ct. 558, 569, 169 L. Ed.2d 481 (2007) (quoting United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy 8 (May 2007), available at http:// www. ussc. gov/ r_ congress/ cocaine2007.pdf, p.10).[1] Congress chose not to veto the Sentencing Commission's Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, which then took effect on November 1, 2007.

On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review the defendants potentially affected by those amendments. Bell was identified by the USPO as a person who might be affected by the amendments.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Bell is subject to a term of imprisonment of 292-365 months.

---

[1]The amendment to the crack cocaine Guidelines results in a variance of between 25:1 and 80:1 when compared to powder cocaine Guidelines, depending on the offense level. 128 S. Ct. at 572.

On August 11, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Bell. The August 11, 2008 Order further provided notice of the Court's intent to reduce Bell's term of imprisonment from 360 to 292 months, based on the Court's review of the pre-sentence report and record. Finally, the August 11, 2008 Order required counsel to file by October 7, 2008, a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's calculations.

The Government and Bell have filed sentencing memoranda under seal. Bell contends that he should be granted a hearing and a further reduction in sentence. Although Bell admits that § 3582(c)(2) is not a full re-sentencing, he cites a case from the United States Court of Appeals for the Ninth Circuit and district court cases following it for the proposition that *United States v. Booker*, 543 U.S. 220 (2005), applies to these proceedings and permits the Court to reduce his sentence further. *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007) ("This case presents the court with two related questions. First, it requires us to decide whether § 3582(c)(2) proceedings fall within the scope of *Booker*. Second, if they fall within *Booker's* ambit, it raises the question of whether policy statements by the Sentencing Commission nonetheless preclude the application of *Booker* to § 3582(c)(2). Because *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, we reverse the district court and hold that *Booker* applies to § 3582(c)(2) proceedings."); *see also United States v. Ragland*, 568 F. Supp.2d 19 (D. D.C. 2008) (finding the *Hicks* analysis "persuasive") ; *United States v. Shelby*, No. 95 CR 69, 2008 WL 2622828 (N.D. Ill. June 30, 2008) (Based on the "teaching of *Booker*

and the reasoning of *Hicks* . . ." Defendant's motion "affords a basis for de novo review and imposition of a sentence that is not constrained by Commission policy statements or the ratio it chose for crack and powder cocaine offenses."); *United States v. Forty Estremera*, 498 F.Supp.2d 468 (D. P.R. 2007).

Assuming that the Court conducts a review of his sentence under *Booker*, Bell argues that the following non-Guideline factors should now be considered under 18 U.S.C. § 3553(a): (1) under the Supreme Court's holding in *Kimbrough*, a sentence to a term of imprisonment less than the recommended range is appropriate based on a legitimate policy disagreement with the Guidelines; (2) because of the still existing disparity between crack and powder cocaine, Bell faces a sentence of 292-365 months imprisonment when the same amount of powder cocaine would have resulted in a Guidelines range of 97-121 months imprisonment, subject to the statutory minimum of 120 months; (3) At the time of this offense, Bell had zero criminal history points; (4) during his 14 years of incarceration, Bell has maintained good work and conduct records; and (5) Bell has taken advantage of rehabilitative programs.

The Government responds that *Booker* does not apply to § 3582(c)(2) proceedings. While the Court is instructed to consider § 3553(a) factors when reducing a sentence of imprisonment under § 3582(c)(2), the Court's review of those factors must be undertaken "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government contends that a further reduction is inconsistent with the Sentencing Commission's policy statements.

A. Analysis

Section 3582(c)(2) provides:

4

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994)). However, Congress has specifically delegated to the Sentencing Commission the authority to determine the parameters of a sentencing reduction under § 3582(c)(2). *See* 28 U.S.C. § 994(u) (When the Sentencing Commission amends the Guidelines, it "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced."). Thus, the Court must consider whether a reduction to the defendant's term of imprisonment is consistent with the Sentencing Commission's policy statements.

The Sentencing Commission's policy statement on § 3582(c)(2) reductions is set forth at U.S.S.G. § 1B1.10 (effective March 3, 2008):

> (b) <u>Determination of Reduction in Term of Imprisonment</u>—
>
> (1) <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall

5

substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction--

  (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection.

  (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

In the commentary following this policy statement, the Sentencing Commission instructs:

(B) Factors for Consideration.--

  (i) In General.--Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

  (ii) Public Safety Consideration.--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the

6

> limits described in subsection (b).
>
> (iii) <u>Post-Sentencing Conduct.</u>--The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10, cmt. 1(B)(i)-(iii). The Sentencing Commission further explains that "the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement." U.S.S.G. § 1B1.10, cmt. 3. "Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, cmt. 3.

First, applying § 3582(c)(2) and considering U.S.S.G. § 1B1.10, the Court finds that it has no authority to reduce Bell's sentence below the minimum range of imprisonment under the amended Guidelines. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions "consistent with applicable policy statements issued by the Sentencing Commission," and, in this case, the policy statement contained in § 1B1.10(2)(A) is clear: the Court should not deviate below the Guideline minimum. While there are certain exceptions to this limitation, none are applicable in this case.

Second, the Court finds, contrary to the Ninth Circuit, that *Booker* and its progeny do not

apply to § 3582(c)(2) proceedings.² Although not yet addressed by the Fifth Circuit, *see United States v. Robinson*, 542 F.3d 1045, 1050 (5th Cir. 2008), the majority of federal courts have rejected Bell's argument. *See, e.g., United States v. Jones*, No. 2:95-cr-00051-01, 2008 WL 4879375 (S.D. W.Va. Nov. 12, 2008); *United States v. Ricco*, No. 1:93-cr-19, 2008 U.S. Dist. LEXIS 63210 (W.D. Va. August 19, 2008); *United States v. Menafee*, No. 3:04-cr-138, 2008 U.S. Dist. LEXIS 60765 (D.Conn. Aug. 7, 2008); *United States v. Robinson*, No. 06-cr-34, 2008 U.S. Dist. LEXIS 49696 (W.D. Pa. June 26, 2008); *United States v. Speights*, 561 F.Supp.2d 1277 (S.D. Ala. 2008); *United States v. Davis*, No. CR99-0073-LRR, 2008 U.S. Dist. LEXIS 43647 (N.D. Iowa June 3, 2008); *United States v. Julien*, 550 F.Supp.2d 138 (D. Me. 2008); *United States v. Miller*, No. 2:05-cr-251, 2008 U.S. Dist. LEXIS 22732 (S.D. W.Va. March 21, 2008); *see also United States v. Outlaw*, 281 Fed. App'x. 220 (4th Cir. 2008) (unpublished) (holding that a further reduction in defendant's sentence pursuant to *Booker* is "unavailable under § 3582(c)(2)"); *United States v. Hudson*, 242 Fed. App'x. 16 (4th Cir. 2007) (unpublished) (holding that district court did not abuse its discretion or commit reversible error by failing to apply *Booker* in § 3582(c)(2) proceeding). The Court agrees with the courts that have concluded *Booker* is inapplicable to § 3582(c)(2) proceedings because the Sixth Amendment concerns in *Booker* are not raised by a reduction in Bell's sentence. As one district court has explained.

> A defendant in a § 3582(c)(2) proceeding has a presumptive, lawful sentence. . . Under § 3582(c)(2), there is no possibility of an increase in defendant's sentence above her current one. Any fact finding done by the judge, in conjunction with the § 3553(a) factors or otherwise, leads to a conclusion that the sentence either should or should not be reduced, *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (sentencing court's power to reduce a sentence under §

---

²The Sentencing Commission had not revised the text of and commentary to U.S.S.G. § 1B1.10 at the time of the *Hicks* decision.

3582(c)(2) is discretionary) and *Rivera v. United States*, 2003 WL 76988, at *3 (S.D.N.Y. Jan. 9, 2003) (Section 3582(c)(2) permits, but does not require, a district court to modify a defendant's sentence), but does not allow for an increase in the sentence. Accordingly, there is no judge found fact that increases defendant's sentence beyond the statutory maximum.

*United States v. Cruz*, 560 F. Supp.2d 198, 203-04 (E.D. N.Y. 2008).[3]

Accordingly, after consideration of all those factors under § 3553(a), in light of the policy statement contained in U.S.S.G. § 1B1.10, the Court finds that a reduction to 292 months imprisonment is appropriate in this case.

### B. Request for Hearing

Bell has also requested a hearing in this matter, but the Court finds that a hearing is not necessary. As the Sentencing Commission has recognized, "proceedings under 18 U.S.C. § 3582(c)(2) and . . . [the] policy statement [set forth at U.S.S.G. § 1B1.10(a)(3)] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Additionally, there are no disputed facts in this case. The Government argues that Bell is not entitled to a further reduction based on its interpretation of the law, not a dispute with Bell's factual claims.

The Court finds that it has been provided with sufficient information in the record and by the parties to reach a determination on Bell's reduction without the necessity of a hearing.

### C. Conclusion

For the foregoing reasons, the Court determines that Bell should be reduced to 292 months imprisonment, the bottom of the amended Guidelines range. The Court will not conduct

---

[3] Bell has argued only that *Booker* permits the Court to sentence him below the minimum Guidelines term of imprisonment. However, he has also cited the Court to *Kimbrough*. To the extent that Bell contends *Kimbrough* is a separate basis for the Court's deviation below the amended Guidelines, the Court disagrees. The *Kimbrough* decision relies on *Booker* and also pertains to a district court's authority to impose, not modify, a sentence.

9


a hearing, nor reduce Bell's sentence of imprisonment lower than the bottom of the Guidelines range. The Court's Amended Judgment will issue separately.

MONROE, LOUISIANA, this 24 day of November, 2008

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

a hearing, nor reduce Bell's sentence of imprisonment lower than the bottom of the Guidelines range. The Court's Amended Judgment will issue separately.

MONROE, LOUISIANA, this 24 day of November, 2008

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE